# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIFFANY YOUNGBLOOD,<br><br>Defendant. | No. 18-CR-28-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Tiffany Youngblood's "Objection to Order for Pretrial Detention" ("Motion") (docket no. 7).

## II. RELEVANT PROCEDURAL HISTORY

On March 6, 2018, a Complaint (18-MJ-68-CJW docket no. 3) was filed against Defendant, alleging that she distributed, and aided and abetted the distribution of, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1] *See* Complaint at 1. On March 6, 2018, Defendant appeared before United States Magistrate Judge Kelly K.E. Mahoney for an initial appearance. *See* March 6, 2018 Minute Entry (18-MJ-68-CJW docket no. 9). On March 9, 2018, Defendant appeared before Judge Mahoney for a detention hearing. *See* March 9, 2018 Minute Entry (18-MJ-68-CJW docket no. 18). Defendant appeared in court with her attorney, Jonathan Hammond.

---

[1] On April 5, 2018, the government filed an Indictment (docket no. 3), charging Defendant with two counts of distribution, and aiding and abetting the distribution of, a controlled substance within 1,000 feet of a truck stop, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 849(b) and 18 U.S.C. § 2 and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* Indictment at 1-3. The Indictment does not alter the court's analysis of the Motion.

Assistant United States Attorney Justin Lightfoot represented the government. At the hearing, Judge Mahoney ordered Defendant detained, and she subsequently entered an order to that effect on March 9, 2018. *See* Order of Detention Pending Trial (18-MJ-68-CJW docket no. 19). On April 13, 2018, Defendant filed the Motion. On April 19, 2018, the government filed a Resistance (docket no. 8). The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). The court is required to detain a defendant prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The facts the [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id*. § 3142(f). In contrast, a finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

## IV. ANALYSIS

In the Motion, Defendant asserts that Judge Mahoney erred in finding that

Defendant poses a danger to the community. *See* Motion at 5. After conducting a de novo review of the record, including the Pretrial Services Report (18-MJ-68-CJW docket no. 17) and the transcript of the detention hearing ("Hearing Transcript") (18-MJ-68-CJW docket no. 24), the court finds that Judge Mahoney's Order of Detention Pending Trial and her statements at the detention hearing accurately and thoroughly set forth the relevant facts and law. For the reasons that follow, however, the court finds that detention is not appropriate in this case. *See* 18 U.S.C. § 3142(g).

First, the court considers the nature and circumstances of the offense alleged, including whether the offense involved violence or a firearm. *See id*. § 3142(g)(1). The Complaint alleges that Defendant distributed, and aided and abetted the distribution of, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See* Complaint at 1. Defendant allegedly sold one-half gram of heroin on two separate occasions. Hearing Transcript at 12. Defendant also had a pistol in her possession at the time of her arrest, but there is no indication that she was armed at the time the sales occurred. *Id*. at 14, 27. Both parties agree that Defendant had a valid permit to possess and carry the pistol. *See* Motion at 1; Resistance at 4. Because this is a drug offense for which the maximum term of imprisonment exceeds ten years, there is a rebuttable presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3)(A). Therefore, this factor weighs in favor of detention. *See id*. § 3142(g)(1).

Second, the court considers the weight of the evidence against Defendant. *See id*. § 3142(g)(2). At the hearing, Tri-County Drug Task Force Officer Bryan Furman testified that, on March 1, 2018 and March 5, 2018, Defendant sold heroin to a confidential informant. Hearing Transcript at 5. At the time of her arrest, Defendant was in possession of twelve individual bags of heroin, containing approximately six total grams of heroin, and the preserialized currency used during the controlled buys was found in her pocket. *Id*. at 16. Defendant's car contained the remains of packing materials used to package narcotics. *Id*. at 14. After being Mirandized, Defendant admitted to selling

3

heroin and gave details to law enforcement about her involvement in drug activity. *Id*. at 17-18. The evidence against Defendant is strong and, therefore, this factor weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(2).

Third, the court considers the history and characteristics of Defendant. *See id*. § 3142(g)(3). Defendant is thirty-nine years old and has resided in Cedar Rapids, Iowa for the past two years. *See* Pretrial Services Report at 1. Defendant shares a residence with her mother and her four minor children. *See id*. She does not own a passport and has never traveled abroad. *See id*. at 2. Defendant has limited financial resources. *See id*. at 3. These characteristics indicate that Defendant is unlikely to attempt to flee. Although Defendant is currently unemployed, she has a lengthy work history. *See id*. at 2. Defendant has no criminal history and this case appears to be her first arrest. *See id*. at 3. These characteristics indicate that Defendant poses a low risk to the community and is unlikely to recidivate. Nothing in Defendant's history or characteristics indicates that she will be resistant to supervision, or that she will be unable or unwilling to comply with conditions imposed on her release. The United States Probation Office recommends that Defendant be released on a personal recognizance bond with pretrial supervision. *See id*. at 4. Therefore, this factor weighs heavily in favor of release. *See* 18 U.S.C. § 3142(g)(3).

Fourth, the court considers "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *Id*. § 3142(g)(4). Because this is a drug offense for which the maximum term of imprisonment exceeds ten years, there is a rebuttable presumption that no conditions can reasonably assure the safety of the community if Defendant is released. *See id*. § 3142(e)(3)(A). "[A] defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence [s]he does not pose a danger to the community . . . ." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If the presumption is rebutted, the

government bears the burden to prove by clear and convincing evidence that no conditions can reasonably assure the safety of the community if the defendant is released. *See* 18 U.S.C. § 3142(f).

The court finds that Defendant met her limited burden of production by offering evidence indicating that she is not a danger to the community. The court finds that the information in the Pretrial Services Report, particularly Defendant's lack of criminal history, is sufficient to rebut the presumption. The government argues that Defendant poses a danger to the community because she was dealing heroin, a particularly dangerous drug, possessed a firearm and her children allegedly observed heroin in the home and knew where it was kept. *See* Resistance at 7-9. The court finds that the government has failed to prove by clear and convincing evidence that no conditions of release can reasonably assure that Defendant will not pose a danger to the community.

The court acknowledges that heroin and the heroin trade pose a significant risk to the community. The government, however, has failed to provide evidence showing that Defendant is likely to continue distributing heroin if she is released, or that she will be resistant to supervision by the United States Probation Office. Indeed, Defendant's lack of any criminal history indicates that the opposite is true. Although, Defendant's possession of a firearm is a concern to the court, there is no allegation that Defendant used the firearm to commit any threat or act of violence or in furtherance of the charged crime, and Defendant has not been charged with any firearm-related offenses. Finally, the court agrees that conducting drug trafficking activities in the presence of minor children presents a danger to those children. The government has failed, however, to establish that no court-imposed condition or combination of conditions can ensure the safety of Defendant's children. *See Orta*, 760 F.2d at 892. To the contrary, the court finds that appropriate conditions can be fashioned to ensure the safety of both the children and the community at large, and that nothing in the record indicates that Defendant is unlikely to comply with those conditions. Therefore, this factor weighs in favor of release. *See* 18 U.S.C.

§ 3142(e)(1).

After considering all of the factors listed in 18 U.S.C. § 3142(g), the court finds that the government has failed to prove by clear and convincing evidence that Defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." *Id*. § 3142(e)(1).

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 7) is **GRANTED**. The Order of Detention Pending Trial (18-MJ-68-CJW docket no. 19) is **REVOKED**. This matter is **REMANDED** to Judge Mahoney to set conditions of Defendant's release that will assure her appearance at trial and the safety of the community.

**IT IS SO ORDERED.**

**DATED** this 30th day of April, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA